UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

United States of America,

                    Plaintiff,

        vs.

Kathy J. Fenning, a/k/a Kathy
Burton,

                    Defendant.          Civ. No. 07-1196 (JRT/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I.  <u>Introduction</u>

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Government's Motion for Summary Judgment.  A Hearing on the Motion was conducted on May 29, 2008, at which time, the Government appeared by John R. Monroe, Assistant United States Attorney; and no appearance was made by, or on behalf of, the Defendant Kathy J. Fenning ("Fenning").  For reasons which follow, we recommend that the Government's Motion for Summary Judgment be granted.

II.  Factual and Procedural Background

On May 29, 2007, the Government filed an Amended Complaint against Fenning, as a responsible corporate officer of Snake River Construction, for the recovery of Federal employment taxes, interest, and statutory additions, pursuant to Title 26 U.S.C. §§7402 and 7403.  See, Amended Complaint, Docket No. 4.[1]  By this action, the Government seeks only to reduce its Federal tax assessments to Judgment. Id. at ¶1.  In its Amended Complaint, the Government asserts that Fenning owes Federal employment taxes from 2001, 2002, and 2003, in the total amount of $19,030.55, as of May 29, 2007.[2]  Id. at ¶6.  The Government assessed those unpaid taxes in June of 2004, and the Government alleges that Fenning has failed to pay the assessed liabilities, despite timely notice and demand for payment.  Id. at ¶¶6-8.

---

[1]In the original Complaint, which was filed on February 26, 2007, the Government also named Gerald Fenning, Wells Fargo Bank Minnesota, NA, the Minnesota Department of Economic Security, the Minnesota Department of Revenue, and Pine County, as Defendants in this action, because it sought a foreclosure of liens encumbering certain real property, in which those additional Defendants could claim an interest.  See, Complaint, Docket No. 1, at ¶¶6-10.  However, in filing its Amended Complaint, the Government advised that it no longer sought to foreclose on any real property, and that it no longer intended to name those additional parties as Defendants. See, Amended Complaint, Docket No. 4.

[2]As of March 24, 2008, the Government advises that Fenning owes a total of $22,242.94.  See, Declaration of Susan Miller ("Miller Decl."), Docket No. 21, at ¶6.

Accordingly, the Government contends that Federal tax liens arose, on the date of each assessment, pursuant to Title 26 U.S.C. §§6321 and 6322. Id. at ¶9. The Government further contends that notices of those Federal tax liens have been properly filed with the Pine County Recorder. Id.

In response to the Amended Complaint, Fenning filed an Answer, in which she admits that she received timely notice of the assessments, that the Government properly filed those notices with the Pine County Recorder, and that she has not paid the assessments identified by the Government. See, Answer, Docket No. 11.[3] However, Fenning contends that the Government has assessed more taxes than are actually due. Id. at ¶6. She also contends that her business closed on October 25, 2002, that she so informed the Internal Revenue Service ("IRS"), and that she cannot be held liable for any taxes imposed after that date. Id. Accordingly, in her Answer, Fenning asks that we deny any assessments for the year 2003, and that we "re-evaluate" the assessments for 2001 and 2002. Id. at p. 2.

---

[3]By way of additional background, on July 5, 2007, the Government sought an entry of default, pursuant to Rule 55(a), Federal Rules of Civil Procedure, based upon Fenning's failure to timely answer or otherwise respond to the Amended Complaint. See, Docket No. 6. However, on July 11, 2007, Fenning filed a late Answer, see, Docket No. 11, and on the same date, the Government withdrew its Motion for Entry of Default. See, Docket No. 12.

The Government now brings a Motion for Summary Judgment.  See, <u>Docket No. 18</u>.  The Government seeks a Judgment in the amount of the unpaid taxes, as alleged in their Amended Complaint, plus interest and statutory additions.  See, <u>Government's Memorandum in Support</u>, <u>Docket No. 20</u>, at 9.

Fenning has not filed any written response to the Government's Motion, nor has she submitted any pleadings, other than her Answer and, as we have noted, she did not make any appearance at the Hearing.

## III.  Discussion

<u>The Government's Motion for Summary Judgment</u>.

A.      <u>Standard of Review</u>.  Summary Judgment is not an acceptable means of resolving triable issues, nor is it a disfavored procedural shortcut when there are no issues which require the unique proficiencies of a Jury in weighing the evidence, and in rendering credibility determinations.  See, <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327 (1986); <u>Midwest Oilseeds, Inc. v. Limagrain Genetics Corp.</u>, 387 F.3d 705, 711 (8th Cir. 2004), cert. denied, 544 U.S. 977 (2005).  Summary Judgment is appropriate when we have viewed the facts, and the inferences drawn from those facts, in a light most favorable to the nonmoving party, and we have found no triable issue.  See, <u>Eide v. Grey Fox Technical Servs. Corp.</u>, 329 F.3d 600, 604 (8th Cir. 2003); <u>Philip v. Ford</u>

- 4 -

Motor Co., 328 F.3d 1020, 1023 (8th Cir. 2003); United Fire & Casualty Co. v. Garvey, 328 F.3d 411, 413 (8th Cir. 2003).  For these purposes, a disputed fact is "material" if it must inevitably be resolved and the resolution will determine the outcome of the case, while a dispute is "genuine" if the evidence is such that a reasonable Jury could return a Verdict for the nonmoving party.  See, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Planned Parenthood of Minnesota/South Dakota v. Rounds, 372 F.3d 969, 972 (8th Cir. 1004); Fenney v. Dakota, Minnesota & Eastern R.R. Co., 327 F.3d 707, 711 (8th Cir. 2003).

As Rule 56(e) makes clear, once the moving party files a properly supported Motion, the burden shifts to the nonmoving party to demonstrate the existence of a genuine dispute.  In sustaining that burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial."  Rule 56(e), Federal Rules of Civil Procedure; see also, Anderson v. Liberty Lobby, Inc., supra at 256; Eddings v. City of Hot Springs, Ark., 323 F.3d 596, 602 (8th Cir. 2003).

Moreover, the movant is entitled to Summary Judgment where the nonmoving party has failed "to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v.</u>

<u>Catrett</u>, supra at 322; see also, <u>Forest Park II v. Hadley</u>, 408 F.3d 1052, 1057 (8th Cir.

2005); <u>Mercer v. City of Cedar Rapids</u>, 308 F.3d 840, 843 (8th Cir. 2002); <u>Hammond</u>

<u>v. Northland Counseling Center</u>, Inc., 218 F.3d 886, 891 (8th Cir. 2000).  No genuine

issue of fact exists in such a case because "a complete failure of proof concerning an

essential element of the nonmoving party's case necessarily renders all other facts

immaterial." <u>Celotex Corp. v. Catrett</u>, supra at 323; see also, <u>Sallis v. University of</u>

<u>Minnesota</u>, 408 F.3d 470, 474 (8th Cir. 2005); <u>Davis v. U.S. Bancorp</u>, 383 F.3d 761,

768 (8th Cir. 2004); <u>Bell Lumber and Pole Co. v. United States Fire Ins. Co.</u>, 60 F.3d

437, 441 (8th Cir. 1995).

  B. <u>Legal Analysis</u>.  "The Internal Revenue Code requires employers to

withhold from their employees' wages federal income and social security taxes."

<u>Anderson v. United States</u>, 561 F.2d 162, 165 (8th Cir. 1977), citing <u>Title 26 U.S.C.</u>

<u>§§3102(a), 3402(a)</u>; see also, <u>United States v. Bisbee</u>, 245 F.3d 1001, 1005 (8th Cir.

2001); <u>Honey v. United States</u>, 963 F.2d 1083, 1087 (8th Cir. 1992), cert. denied, 506

U.S. 1028 (1992).  "If a corporate employer fails to pay these withheld amounts over

to the government, then section 6672 permits the government to look for payment to

the person responsible for collecting, truthfully accounting for, and paying over the

- 6 -

tax." Id., citing Title 26 U.S.C. §6672; see also, United States v. Bisbee, supra at 1005; Honey v. United States, supra at 1087.

With respect to the statutory additions requested by the Government, "[w]here an employer fails to file timely employment or unemployment tax returns or fails to make deposits of taxes, the Code provides for additions to the tax in the way of penalties." Boles Trucking, Inc. v. United States, 77 F.3d 236, 241 (8th Cir. 1996), citing Title 26 U.S.C. §§6651(a)(1), 6656(a); see also, Mason Motors Co. v. United States, 8 F.Supp.2d 1177, 1179 (D. Minn. 1998).

"We start with the well-established principle that the Commissioner's determination of tax liability is entitled to a presumption of correctness and that the burden is on the taxpayer to prove that the determination is erroneous." Boles Trucking, Inc. v. United States, 77 F.3d 236, 239 (8th Cir. 1996), citing Helvering v. Taylor, 293 U.S. 507 (1935), and Day v. Commissioner, 975 F.2d 534, 537 (8th Cir. 1992). When the Government submits Certificates of Assessments and Payments, that showing is "sufficient to establish the validity of the assessments." United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993), cert. denied, 510 U.S. 1193 (1994), citing Geiselman v. United States, 961 F.2d 1, 5-6 (1st Cir. 1992), cert. denied, 506 U.S. 891 (1992); see also, United States v. Schiefen, 926 F.Supp. 877, 885-86 (D.S.D. 1995),

aff'd, 81 F.3d 166 (8th Cir. 1996)[Table disposition].   Once the Certificates of Assessments and Payments are submitted, "the burden shifts to the taxpayer to prove that the assessments are erroneous."   United States v. Dieter, 2003 WL 1903395, at *9 (D. Minn., April 11, 2003), citing Kiesel v. United States, 545 F.2d 1144, 1146 (8th Cir. 1976); see also, Mattingly v. United States, 924 F.2d 785, 787 (8th Cir. 1991). Alternatively, "[t]o survive summary judgment, the [taxpayers] must [then] prove they made the payments."   United States v. Hanson, 2005 WL 3116099 at *2 (D. Minn., April 21, 2005), citing United States v. Gerads, supra at 1256.

Here, to prove the amount of Fenning's tax liability, the Government has provided copies of Certificates of Assessments and Payments from the IRS, for the tax years in question.   See, Declaration of Susan Miller ("Miller Decl."), Docket No. 21, Exhibits 1-7.   As noted in her Answer, Fenning challenged the amount of the Government's assessments for the tax years 2001 and 2002, and further challenged the Government's assertion that she owed any amount for the tax year 2003, given the termination of her business.  See, Answer, supra at ¶6.  However, Fenning admits that she has not paid the amounts assessed, despite timely notice and demand.  Id. at ¶¶7-8. Moreover, Fenning has not provided any evidence, nor any testimony or sworn statement, in support of her challenge to the amounts of those assessments.

"While we are required to make all reasonable inferences in favor of the nonmoving party in considering summary judgment, we do so without resort to speculation." Twymon v. Wells Fargo & Co., 462 F.3d 925, 934 (8th Cir. 2006), citing Hitt v. Harsco Corp., 356 F.3d 920, 923-24 (8th Cir. 2004).  Simply put, Fenning "must substantiate [her] allegations with more than 'speculation * * * ' in order to survive summary judgment." Marquez v. Bridgestone/Firestone, Inc., 353 F.3d 1037, 1038 (8th Cir. 2004), citing Putman v. Unity Health Sys., 348 F.3d 732, 733-34 (8th Cir. 2003).  Here, Fenning has not offered any cogent facts, by way of competent evidence, so as to support her assertion that the IRS miscalculated her tax liability. Accordingly, the Government has established the validity of the assessments, and is entitled to Judgment.

In addition, the Government has submitted its Requests for Admissions, which were served on October 17, 2007, and to which Fenning failed to respond.  See, Second Declaration of John Monroe ("Second Monroe Decl."), Docket No. 22, Exhibit 15.  In its Requests for Admissions, the Government asked Fenning to admit that she is "indebted to the United States for unpaid federal employment taxes * * * (plus statutory interest and penalties)," as reflected in the assessments. Id., Exhibit 15 at pp. 2-4.  The Government also asked Fenning to admit that, on April 23, 2004, her

- 9 -

company had self-reported its employment and unemployment tax liability, as reflected in the assessments, for the tax years of 2001, 2002, and 2003. <u>Id.</u>, Exhibit 15 at pp. 4-5. Lastly, the Government asked Fenning to admit that her company's quarterly returns were not timely filed, thereby permitting the statutory additions and interest. <u>Id.</u>, Exhibit 15 at p. 6. Fenning failed to respond to the Requests for Admissions, <u>id.</u> at ¶4, and accordingly, the Government argues that she has effectively admitted her liability for the assessments, statutory additions, and interest. See, <u>Government's Memorandum in Support</u>, supra at 8.

Requests for Admissions are governed by Rule 36(a), Federal Rules of Civil Procedure, which provides, in pertinent part, as follows:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. * * * The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

As a consequence, under Rule 36, Fenning admitted all matters in the Government's Requests for Admissions by failing to answer them within thirty (30) days after their service.  See, <u>Manatt v. Union Pacific R. Co.</u>, 122 F.3d 514, 517 (8th Cir. 1997), cert. denied, 522 U.S. 1050 (1998); <u>Gutting v. Falstaff Brewing Corp.</u>, 710 F.2d 1309, 1312 (8th Cir. 1983).

Of course, the Court, "in its discretion, may permit the filing of an answer that would otherwise be untimely," <u>Gutting v. Falstaff Brewing Corp.</u>, supra at 1312, but here, Fenning has not submitted any untimely responses for our consideration.  As a result, Fenning's liability is no longer in dispute, nor is there any dispute concerning the amounts of the assessments, or the untimeliness of the tax returns.  Therefore, the Government has established that it is entitled to Judgment as a matter of law, as well as to the requested statutory additions and interest.

Since no genuine and material factual dispute remains for Trial, we recommend that the Government's Motion for Summary Judgment be granted.

NOW, THEREFORE, It is --

- 11 -

RECOMMENDED:

That the Government's Motion for Summary Judgment [Docket No. 18] be GRANTED.


Dated:  September 24, 2008          *s/Raymond L. Erickson*
                                   Raymond L. Erickson
                                   CHIEF U.S. MAGISTRATE JUDGE


## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than October 10, 2008,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than October 10, 2008,** unless all interested

parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.